IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Clerk's Minutes

Before the Honorable James A. Parker

**Case No.**  Civ. No. 09-596 JP/KBM          **Date:** April 22, 2010

**Title:** *Maria de los Angeles Ramirez, Individually, and on Behalf of her Minor Son, Reydecel Reyes v. United States of America*

**Courtroom Clerk:**   Chris Baca          **Court Reporter:** John de la Rosa

**Court Interpreter:** Lisa O'Grady

**Court in Session:**   10:50 a.m.    **Court in Recess:** 11:30 a.m.    **Court Time:** 40 minutes

**Type of Proceeding:** Fairness Hearing Regarding Settlement with Minor Plaintiff, Reydecel Reyes

**Court's Rulings/Disposition:**   The Court approves the settlement with Reydecel Reyes.

**Order consistent with court's ruling to be prepared by:** Counsel

  **Deadline for submission of order to court:**

**ATTORNEYS PRESENT FOR PLAINTIFF(S):**

Ganesha Martin

**ATTORNEYS PRESENT FOR DEFENDANT(S):**

Phyllis Dow, AUSA

PROCEEDINGS:

10:50 a.m.    COURT IN SESSION

   Mr. Reydecel Reyes Flores, the husband of Plaintiff Maria de los Angeles Ramirez and the father of Reydecel Reyes, is present by telephone.

10:55 a.m.    Ms. Ramirez is sworn in.  She testified about her injuries and the injuries Reydecel Reyes received in the auto accident caused by a Border Patrol employee.  Mr. Flores agreed with this testimony.

   Ms. Ramirez and Mr. Flores agreed to sign and notarize the final settlement and release.

   Ms. Martin indicated her fees are $2,500 plus a gross receipts tax of $173.76.  She also stated that Reydecel Reyes would receive $5,135.05 in the settlement.

| | |
|---|---|
| 11:10 a.m. | Ms. Ramirez testified that the attorney's fees and tax amount is reasonable.  Mr. Flores agreed with Ms. Ramirez. |
| | Ms. Ramirez and Mr. Flores understood that Reydecel Reyes will receive $5,135.05 and that by accepting the settlement they cannot bring any other claim on behalf of Reydecel Reyes. |
| 11:15 a.m. | Ms. Dow asked questions of Ms. Ramirez regarding the consequences of a settlement as opposed to a trial, her free will in agreeing to the settlement, her attorney's performance, whether she was under the influence of any drugs or alcohol when she agreed to the settlement and whether she wants the Court to approve the settlement. Ms. Ramirez's answers reflect that she willingly, knowingly, and without influence entered the settlement, and that she was satisfied with her attorney.  Mr. Flores agreed with these answers. |
| | Ms. Martin indicated that she believes that the amount of the settlement with respect to Reydecel Reyes is reasonable. |
| 11:22 a.m. | Ms. Martin asked Ms. Ramirez whether she understands that she has a duty to act on behalf of her son, that the funds are only for her son's use, and that she a duty to protect the funds for her son.  Ms. Ramirez responded that she understands her duty with respect to the Reydecel Reyes's settlement fund.  Mr. Flores likewise had the same understanding. |
| | The Judge found that the settlement and release on behalf of Reydecel Reyes is reasonable and that it is in his best interest, and that the settlement made by Ms. Ramirez on behalf of Reydecel Reyes is, therefore, approved. |
| | Ms. Ramirez had already signed and notarized the settlement and release.  Mr. Flores will also notarize and sign the settlement and release.  Once the settlement and release are completed, counsel will submit a copy to the Court.  Counsel will also submit to the Court a proposed order approving the settlement. |
| 11:30 a.m. | COURT IN RECESS |